PORT KENNEDY SLAG WORKS *vs.* FRANK A. MITCHELL.

*Pleading—Recoupment.*

1. In assumpsit for goods sold and delivered, a recoupment cannot be proved by defendant where no notice thereof was filed with the pleas, as required in Rules of Court, No. 8, par. 4.

2 In a contract of sale, where a particular quantity of goods is separated or distinctly set apart and designated by agreement as the property sold, to be delivered upon the order of the buyer, the title thereby becomes vested in the buyer ; and if said goods are permitted to remain an unreasonable time on the premises, after notice, the buyer will be liable for reasonable charge for storage.

*(February 23, 1898.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*J. Harvey Whiteman* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1898.

ACTION OF ASSUMPSIT (No. 104 to September Term, 1897.)

Narr in common counts for goods bargained and sold, and goods sold and delivered ; two special counts setting out the contract, and one special count for use and occupation of a lot for storage of roofing slag sold, but not delivered. Bill of particulars filed.

The plaintiff's claim was for $974.89, being for five hundred and twenty-four tons of rejected roofing slag, at one dollar and fifty cents per ton ; and for storage and interest.

Plaintiff alleged that a contract was entered into between the plaintiff and the defendant at the former's office in the City of Philadelphia. The plaintiff claimed that the defendant there bought the slag by sample, unconditionally, with the full knowledge that it was an inferior grade of slag, that it had been rejected for roofing purposes by the party for whom it was manufactured, but contended it was entirely suitable for concreting purposes, for which purpose the defendant stated he desired to use it, and expressed himself as entirely satisfied with the quality

of the goods; that after entering into the contract for the purchase of the five hundred and twenty-four tons of rejected slag, which was stored in a pile at their works at Port Kennedy, Pennsylvania, upon the order of the defendant the plaintiff shipped three car loads to Washington, D. C., when the defendant had further shipments stopped and refused to accept any more or to pay for what had been shipped.

The defendant contended that the purchase of the slag was a conditional one; that the plaintiff was informed that the slag was being purchased by the defendant for a contractor in Washington, D. C., and was subject to his approval; that the slag delivered in Washington was of such an inferior quality that it was rejected by the contractor and no use whatever made of it, but was dumped upon vacant lots in said city, where it still remained.

*Hr. Hilles* offered to prove by the defendant, by way of recoupment, that the defendant lost his contract and had otherwise suffered loss by reason of the unsatisfactory quality of the slag furnished by the plaintiff.

*Mr. Whiteman* objected to any proof of recoupment on the ground that there was a failure on the part of the defendant's counsel to comply with the requirement of Paragraph 4, Rule 8, Rules of Court; that there was no notice of recoupment filed with the pleas.

LORE, C. J:—We think the testimony is not admissible under the rule of the Court referred to.

LORE, C. J., charging the jury:

Gentlemen of the jury:—The Port Kennedy Slag Works, the plaintiff in this action, seeks to recover from Frank A. Mitchell, the defendant, for five hundred and twenty-four tons of cement slag at the price of $1.50 per ton, making $786.00 with interest from November 1, 1896, amounting to $62.61, and for storage on four hundred and fifty-one tons of the slag, amounting to $126.28, making the aggregate claim $974.89.

The plaintiff claims that it sold this slag to the defendant by sample in July, 1896, to be delivered f. o. b. cars at Port Kennedy, Pennsylvania, as the defendant should order. That the slag sold was according to the sample. That three car-loads, about seventy-three tons, were so delivered on the cars and sent to Washington, D. C., on the order of the defendant. That the shipment of the remainder of the slag was stopped by the defendant in September, 1896, and has since that time been stored on the premises of the plaintiff, subject to charge for storage.

The defendant, on the other hand, avers that the slag was not only sold by sample, but was expressly subject also to the approval of parties with whom he had a contract in the City of Washington for slag for the purpose of making cement. That the slag was not according to sample, but was dirty and unfit for use, and was rejected for that cause by the Washington contractor.

What was exactly the contract is the precise question for your ascertainment, and this you are to determine from the evidence.

If you are satisfied that the slag was sold by sample, and also subject to the approval of the Washington contractor, and that it turned out to be not according to sample, and was rightfully rejected by the contractor, the plaintiff cannot recover ; because the plaintiff has not fulfilled its contract.

On the other hand, should you believe that the slag was sold to the defendant by sample, which sample he examined and duly approved, and that the slag was like the sample so approved, and not subject to the approval of the Washington contractor, then your verdict should be for the plaintiff. The plaintiff would not be bound by the terms of any contract made between Mitchell and the Washington parties, unless the Washington contract was made a part of this contract between the plaintiff and the defendant.

In a contract of sale, where a particular quantity of goods is separated or distinctly set apart and designated by agreement as the property sold, to be delivered upon the order of the buyer, the title thereby becomes vested in the buyer, and it becomes his

property ; and if permitted to remain unreasonably on the premises of the seller, after notice that storage will be charged, the buyer will be liable for reasonable charge for storage.

Should you believe that the slag was in quality according to sample and not subject to the Washington contract, and that three car-loads were delivered on cars at Port Kennedy on order of the defendant, the plaintiff would be entitled to recover for said three car-loads as for goods sold and delivered ; and also to recover for the residue of the slag, the delivery of which was forbidden or stopped by the defendant, as for goods bargained and sold. In the latter case also, the plaintiff would be entitled to recover such reasonable sum for storage for said residue, as would be just, after such refusal to permit delivery and after notice that storage would be charged.

Where in any case the evidence is conflicting, it is the duty of the jury to reconcile that evidence, if possible. If they are unable so to reconcile it, they should be controlled by the evidence of that party which under all the circumstances is most entitled to their credit ; considering therein the number of witnesses, their respective apparent intelligence, truthfulness, fairness, opportunity for obtaining correct information of the matters of which they speak, and every other element that tends to satisfy your minds that such evidence discloses the truth in the cause.

There is really little, if any, conflict between the parties as to the law governing this subject. The case turns almost exclusively upon a question of fact as to what the contract was. This depends upon the evidence, which is exclusively a matter for your consideration, and under that evidence you will find your verdict, and say whether the plaintiff is entitled to recover in this action, and if so, what amount.

Verdict for defendant.